IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN D. GLENN, JR.,<br><br>        Defendant. | CRIMINAL ACTION<br>NO. 15-99-1 |

# ORDER

**AND NOW**, this 20th day of November 2019, upon consideration of Defendant John D. Glenn Jr.'s Motion to Dismiss Indictment (Doc. No. 297), it is **ORDERED** that Defendant's Motion to Dismiss Indictment (Doc. No. 297) is **DENIED**.[1]

---

[1] In his Motion to Dismiss Indictment, Defendant contends that the Indictment should be dismissed because he was "charged after trial" under 18 U.S.C. § 27, despite being charged of bank fraud and conspiracy to commit bank fraud under 18 U.S.C. § 1344 and 18 U.S.C. § 1349 in the Indictment. (Doc. No. 297.) This argument is erroneous. The bank fraud statute that is charged in the Indictment, 18 U.S.C. § 1344, provides that "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice – (1) to defraud a financial institution . . . shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." "Financial institution" under 18 U.S.C. § 1344 includes "a mortgage lending business (as defined in section 27 of this title)." See 18 U.S.C. § 20. 18 U.S.C. § 27, the statute Defendant now claims he is being charged with, provides the definition of a mortgage lending business. Defendant is not being "charged after trial." Accordingly, the Court will deny the Motion to Dismiss Indictment (Doc. No. 297).

Because this Motion represents the fourth time that Defendant is raising a challenge to whether the institutions that he defrauded are financial institutions (see Doc. Nos. 259, 292, 294), and

BY THE COURT:


<u>/s/ Joel H. Slomsky</u>
JOEL H. SLOMSKY, J.

---

is in effect the third time he is requesting reconsideration, no response from the Government is required.  In any event, Defendant's case is now pending before the Third Circuit Court of Appeals.